IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARY BECKHAM** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 05-0543-BH-D** |
| ) | |
| **PROVIDENT LIFE AND ACCIDENT** ) | |
| **INSURANCE COMPANY;** ) | |
| **UNUMPROVIDENT CORPORATION;** ) | |
| **ARCHDIOCESE OF MOBILE, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the court on the parties' "Agreed Motion to Stay Deadline for Filing Rule 26(f) Report" (Doc. 13), filed November 17, 2005.[1] The parties move the court to continue the deadline for filing the report or parties on the grounds that currently pending before the court are plaintiff's motion to remand, plaintiff's motion to amend complaint and defendant Archdiocese of Mobile's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Docs. 2, 6, 9) The parties maintain that rulings on the pending motions "may significantly impact the scope of discovery to be undertaken in this action." (Doc. 13 at 2).

While the court generally does not stay discovery on the basis of a motion to remand, there is also a motion to dismiss pending in this action. The Eleventh Circuit has held that

---

[1] Pursuant to the Preliminary Scheduling Order (Doc. 5) entered in this action on October 4, 2005, the report of parties planning meeting is due November 18, 2005.

1

"[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, (footnote omitted) should [ ] be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997) citing Mitchell v. Duval County Sch. Bd., 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam).   The Eleventh Circuit further found that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].  Id. citing Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Upon consideration, the parties' motion is **GRANTED, in part, as follows:** The parties shall meet and file a Rule 26(f) report no later than **December 23, 2005.**  If the court has not ruled on the pending motion to dismiss at this time, the court will entertain a motion from the Archdiocese of Mobile that discovery against this defendant be held in abeyance until a ruling on its motion to dismiss.

**DONE** and **ORDERED** this the 28th day of November 2005.

                                            /s/ Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES MAGISTRATE JUDGE**