IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY BECKHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-0543-BH-D |
| PROVIDENT LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY; et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on a number of motions, including: a motion to dismiss (Doc. 2) filed by the Archdiocese of Mobile ("Archdiocese"); motion to remand (Doc. 9) filed by the plaintiff, Mary Beckham; and plaintiff's motion to amend her Complaint (Doc. 6). Upon consideration of each motion, the parties' respective responses in opposition thereto (Docs. 7, 11 and 12), and all other pertinent portions of the record, the Court concludes that the Archdiocese's motion to dismiss is due to be granted while plaintiff's motions to amend and to remand are due to be denied, for the reasons stated by the Archdiocese.

I.  Archdiocese's Motion to Dismiss

It is undisputed that the Archdiocese is **not** a party to the disability contract between the plaintiff and Provident Life and Accident Insurance Company ("Provident")(Complaint ¶ 9). It is further undisputed that the decision to deny plaintiff's claim for benefits was

made by UnumProvident Corporation ("Unum"), the entity that adjusts claims on the Provident's disability policies, and **not** by the Archdiocese (Complaint ¶¶ 14 and 15). Consequently, based upon the pleadings themselves, there is no possibility that the plaintiff can prove a breach of contract, or bad faith denial of, or failure to investigate, an insurance claim by the Archdiocese.

Similarly, the only fraud, misrepresentation and/or suppression claim specifically alleged against the Archdiocese is set forth in one paragraph of the Complaint, which states in pertinent part:

> In an apparent attempt to dissuade Plaintiff from obtaining the benefits for which she paid, Vicki Stricklin, an employee of Defendant Archdiocese in charge of benefits and compensation, told the Plaintiff that she was not entitled to any benefits under the Provident policy.

Complaint at ¶ 11.  Plaintiff later acknowledges, however, that she in fact "submitted a claim to Defendant Provident" (Complaint ¶ 13) and thus did not rely on the aforementioned alleged statement by Stricklin.  Absent reliance, there can be no cause of action for fraud.  *Ex Parte Marie McConnell Realty, Inc.*, 774 So.2d 588, 591 (Ala. 2000). Consequently, based upon the pleadings themselves, there is no possibility that the plaintiff can prove the fraud claim asserted against the Archdiocese in her original Complaint.[1]

---

[1] The Court also agrees that, to the extent it could be said that plaintiff's fraud claims relate to the coverage available under the disability insurance policy at issue in this litigation, such claims are clearly time barred for the reasons stated by the Archdiocese in its motion at ¶¶ 14 - 18.

In view of the above, the Court concludes that the plaintiff has failed to state a cause of action against the Archdiocese upon which relief can be granted. It is therefore **ORDERED** that the Archdiocese's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is due to be and is hereby **GRANTED.**

II. Plaintiff's Motion to Amend

In determining whether to grant leave to amend, a Court must consider whether there has been undue delay in filing, bad faith, dilatory motives, prejudice to the opposing parties and the futility of the amendment. *Local 472 of the United Assn. of Journeymen & Apprentices v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982). As applied to the case at bar, it is apparent that plaintiff attempts through amendment to accomplish what she failed to accomplish in her original pleadings, to avoid federal diversity jurisdiction. However, despite plaintiff's protestations to the contrary, she has failed to assert a viable claim for either negligence or conspiracy against the Archdiocese. Whether or not a distinction exists between a "refusal" to accept an accommodating job and an inability to perform such job because of impending surgery, plaintiff has failed to aver either a special duty which the Archdiocese owed her with respect to the statement it allegedly made to Unum or facts demonstrating how the Archdiocese breached such a duty. Consequently, the Court agrees that the negligence claim against the Archdiocese asserted in the proposed Amended Complaint cannot stand. The Court further agrees that, absent a viable underlying wrong, there can be no civil conspiracy against the Archdiocese. Since the Archdiocese was not a party to the disability insurance policy and did not participate in the claims

3

process, it could not be guilty of breach of contract or bad faith failure to investigate or pay benefits.  Moreover, as stated above, plaintiff failed to state a viable fraud claim against the Archdiocese in her original complaint.  It would thus be futile to permit the plaintiff to amend her complaint to assert the proposed negligence and conspiracy claims against the Archdiocese.  It is therefore **ORDERED** that plaintiff's motion to amend be and is hereby **DENIED**.

### III.  Plaintiff's Motion to Remand

In view of the above, the Court concludes that the Archdiocese was fraudulently joined to avoid federal diversity jurisdiction.  The Court further concludes that, contrary to plaintiff's assertions, that the defendants have established that the amount in controversy exceeds $75,000.00.  *See*, Notice of Removal (Doc. 1) at ¶¶ 33-41.  Plaintiff seeks an indeterminate amount of compensatory and punitive damages, while alleging, *inter alia*, that "she has suffered mental anguish, high blood pressure and emotional distress and will continue to do so; her car was repossessed; she was forced to file for bankruptcy and she was otherwise injured and damaged."  Complaint at ¶ 24.  Plaintiff's contention that she does not seek more than $75,000.00 in this case is pure sophistry.  It is therefore **ORDERED** that plaintiff's motion to remand be and is hereby **DENIED**.

### IV.  Preliminary Scheduling Order

In view of the above, it is **FURTHER ORDERED** that the stay imposed on November 17, 2005 (Doc. 13) be and is hereby **VACATED** and the Preliminary Scheduling Order entered on October 4, 2005 (Doc. 5), is **REINSTATED** with the proviso that the

parties' report pursuant to Fed.R.Civ.P. 26(f) is now due to be filed **no later than**

**December 20, 2005.**

      **DONE** this 28th day of November, 2005.

                                                       s/ W. B. Hand
                                             SENIOR DISTRICT JUDGE