IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY BECKHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 05-0543-BH-D |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on the motions for summary judgment (Docs. 44 and 49) filed respectively by the defendants, Provident Life and Accident Insurance Company ("Provident") and UNUM Provident Corporation ("UNUM"). This action is also before the Court on a motion (Doc. 61) filed by Provident to strike both the expert report and deposition testimony of plaintiff's bad faith expert, Linda Nee.

UNUM's motion for summary judgment (Doc. 49) is predicated on the contention that it is merely a holding company for its non-insurance and insurance company subsidiaries and that it never issued any insurance policy to any person or group, including the plaintiff or plaintiff's employer, and it has no contractual relationship with the plaintiff. The plaintiff has agreed (Doc. 58) to the entry of summary judgment in UNUM's favor "contingent upon Provident [] agreeing that it was not taking the position in this case that UNUM [] adjusted this claim thereby insulating Provident [] from liability for bad faith." Provident did not disagree in its Reply. Consequently, the Court concludes and it is therefore **ORDERED** that UNUM's motion for summary judgment is

due to be and is hereby **GRANTED.**  Judgment shall be entered in UNUM's favor at the conclusion of this litigation.

As to Provident's motion for summary judgment (Doc. 44), the Court concludes that material issues of fact exist which preclude summary judgment in Provident's favor, including but not limited to whether the Archdiocese of Mobile ever actually offered plaintiff an accommodating position, whether the plaintiff was physically capable of performing the duties required by the alleged accommodating position, the length of time plaintiff would be unable to return to work following her shoulder surgery, whether plaintiff's claim was submitted to a thorough and fair evaluation on appeal, and whether the denial of the claim was based solely on plaintiff's inability to accept the alleged accommodating position.  These factual issues are evident in the record without any resort to the testimony of Linda Nee.  Consequently, it is **ORDERED** that Provident's motion for summary judgment be and is hereby **DENIED** for failure to establish entitlement to such judgment and that Provident's motion to strike be and is hereby **DENIED** as **MOOT**.

The parties are reminded that the **FINAL PRETRIAL CONFERENCE** was rescheduled for **9:00 a.m. on Wednesday, January 10, 2007,** and that their jointly prepared Pretrial Order must be submitted by **January 3, 2007**.

**DONE** this 18th day of December, 2006.

                                                      s/ W. B. Hand
                                              SENIOR DISTRICT JUDGE